UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT JEROME BYERS,                                    Case No. 2:20-cv-00319-MC

        Plaintiff,                                              OPINION AND ORDER

        v.

CORRECTIONAL OFFICERS MARTIN
and SURBER, SGT. ROBERTS and LT. BAUER,
CAPT. RUMSEY and SUPT. TROY BOWSER
OF THE TWO RIVERS CORR. INST., and
THE OREGON DEPT. of CORRECTIONS,
sued in their individual and or official capacity
as appropriate,

        Defendants.
_____

MCSHANE, District Judge:

        Plaintiff, an inmate at Two Rivers Correctional Institution, files this action pursuant to 42

U.S.C. § 1983. Plaintiff alleges that defendants violated his rights under the Eighth Amendment

and state law by confining him in a cell contaminated with human waste. Defendants now move

for summary judgment based on the failure to exhaust administrative remedies and Eleventh

Amendment immunity. In turn, plaintiff moves for summary judgment on the merits of his

1   - OPINION AND  ORDER

Eighth Amendment claim. Defendants' motion is granted, in part, and plaintiff's motion is denied.

DISCUSSION

To prevail on their motions for summary judgment, the parties must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The court must construe the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

    A.  <u>Eighth Amendment Claim</u>

        1.  <u>Exhaustion of Administrative Remedies</u>

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the prison administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85, 90 (2006). Inmates are required to exhaust available grievance remedies before filing a § 1983 action, including appealing the grievance decision to the highest level. *Jackson v. Fong*, 870 F.3d 928, 933 (9th Cir. 2017).

2   - OPINION AND  ORDER

Although the exhaustion requirement is mandatory, it is not absolute. If the defendant shows that the inmate did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) ("[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'") (citation omitted). This burden is met when the prisoner shows that he or she took "reasonable and appropriate steps" to pursue administrative remedies, but prison officials nonetheless interfered with the prisoner's attempts to exhaust or failed to follow the correct grievance protocol. *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010).

Under the relevant ODOC grievance process, inmates were required to file a grievance within thirty days of the alleged condition or incident. Or. Admin. R. 291-109-0150(2).[1] A grievance that was returned to the inmate on procedural grounds could not be appealed. Instead, if the procedural errors could be corrected, the inmate could resubmit the grievance within fourteen days from the date it was returned. *Id.* § 291-109-0160(5). If a grievance was accepted, the inmate could appeal any response to the grievance within fourteen calendar days. *Id.* 291-109-0170(1)(b). If the first appeal was denied, the inmate could file a second appeal within fourteen days of the date the denial was sent to the inmate. *Id.* 291-109-0170(2)(c). A decision following a second appeal was final. *Id.* 291-109-0170(2)(f).

On March 14, 2019, plaintiff filed two grievances asserting that he was placed in a cell contaminated with blood, feces, and urine. Plaintiff also complained that he was denied cleaning

---

[1] Recent amendments to ODOC's grievance process became effective on October 18, 2019, after plaintiff submitted his grievances at issue in this case.

supplies and was forced to use his own soap to clean the cell. Eynon Decl. Att. 4 at 6-7. The grievance was returned for corrections on grounds that plaintiff "included multiple staff" in his grievance. *Id.* Att. 4 at 5.

On April 1, 2019, plaintiff resubmitted his grievance and identified Sgt. Roberts as the responsible official. Plaintiff also reiterated that he was placed in a cell containing blood, urine, and feces, and that he was forced to clean the cell himself and denied a shower afterward. *Id.* Att. 4 at 2-3. The grievance coordinator returned his corrected grievance, stating, "This lists multiple issue [sic]. What single issue are you grieving? Are you grieving a hazardous material condition, or being denied a shower?" *Id.* Att. 4 at 1.

Defendants maintain that plaintiff failed to exhaust the grievance process because he did not resubmit his grievance for further corrections after it was returned a second time. However, unlike the first response, the second response to his grievance did not indicate that plaintiff was allowed to make corrections within fourteen days. *Id.*

Moreover, plaintiff's corrected grievance should not have been returned. ODOC regulations provided that an inmate could "request review of just one matter, action or incident per inmate grievance form." *Former* Or. Admin. R. 291-109-0140(1)(d). The substance of plaintiff's second grievance made clear that he intended to grieve one matter: the unsanitary conditions of his cell and the related denial of cleaning supplies and a shower. I agree with plaintiff that being housed in a cell contaminated with human waste without cleaning supplies or the ability to shower constitutes one "matter" or "incident" under any reasonable interpretation of those terms.

Accordingly, plaintiff took reasonable and appropriate steps to exhaust the administrative grievance process, and he was prevented from doing so by the improper return of his grievance. Defendants' motion for summary judgment on this ground is denied.

4    - OPINION AND  ORDER

2. <u>Merits of the Claim</u>

Plaintiff moves for summary judgment on the merits of his Eighth Amendment claim.

Plaintiff's motion is premature. The Court stayed discovery pending resolution of defendants'

motion for summary judgment, and further discovery is necessary before the Court considers or

rules on the merits of plaintiff's claim. Plaintiff may renew his motion at the close of discovery.

B. <u>State Law Claims</u>

Defendants move for summary judgment regarding plaintiff's state law claim on grounds

of Eleventh Amendment immunity. Plaintiff concedes that he cannot bring his state law claim

against ODOC officials in state court. Accordingly, defendants' motion is granted with respect to

this claim.

<u>CONCLUSION</u>

Defendants' Motion for Summary Judgment (ECF No. 12) is GRANTED in part and

DENIED in part, and plaintiff's Motion for Summary Judgment (ECF No. 28) is DENIED.

Plaintiff's state law claim is barred by Eleventh Amendment immunity, and his Second Claim

for Relief is DISMISSED. The parties' motions are denied in all other respects.

IT IS SO ORDERED.

DATED this 13th day of November, 2020.

s/ Michael J. McShane
Michael J. McShane
United States District Judge
